DECIDED SEPTEMBER 29, 1989.

*Mary Carole Cooney,* for appellant.
*Robert Altman,* for appellee.

46979. McEVER v. FIRST UNION BANK OF ROME.
(383 SE2d 889)

HUNT, Justice.

Medi-care Services, Inc., prior to its merger into Angelica Health-care Services Group, Inc., established a "Deferred Compensation Trust" for the benefit of three of its employees, one of whom was McEver. The employees petitioned the court under OCGA § 53-12-3 (d)[1] to terminate the trust, but the trial court granted summary judgment to the trustee, The First Union Bank of Rome. The employees appeal.

The trust provided that former employee, Frances Legg, receive $100 per month "during her lifetime or for 25 years, whichever is less beginning in July 1981," and that appellant-employees McEver (now 59), Davenport (now 58), and Smith (now 47),

> upon reaching 65 years of age and being gainfully employed at a full time job and/or having met the other requirements of this agreement, each employee is to receive proceeds of [the trust] . . . .

The "other requirements of this agreement" provided for the distribution of benefits if one of the employees died before reaching age 65 or became disabled, and for contingent beneficiaries.

Under OCGA § 53-12-3 (d):

> [i]f upon petition of the trustee, personal representative of the decedent's estate, or any beneficiary, the court having jurisdiction over such trust, . . . finds that: . . . (2) *The purpose of the trust has been fulfilled* . . . . the court, after due notice to all persons then having an interest in the trust, may order distribution of the trust property.

Claiming that the purpose of the trust was fulfilled since they were

---

[1] This provision was enacted at Ga. L. 1988, p. 1939; Ga. L. 1989, p. 14.

terminated upon the merger, the employees petitioned the court to distribute the trust assets. The trustee and Frances Legg objected.

The trial court properly concluded that the purpose of the executory trust had not been fulfilled, if for no other reason than the need for continuing payment to Frances Legg. The grant of summary judgment to the bank was required.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 29, 1989.

*Roy N. Newman,* for appellant.
*Frank H. Jones,* for appellee.